NUMBER 13-09-316-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

IN THE MATTER OF P.L.C., III, A JUVENILE 

 


On appeal from the 156th District Court 

of Bee County, Texas, Sitting as a Juvenile Court.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Justice Vela



 This is an appeal from an order transferring appellant, P.L.C., III, to the Institutional
Division of the Texas Department of Criminal Justice ("TDCJ-CID") pursuant to section
54.11(i) of the Texas Family Code. Tex. Fam. Code. Ann. § 54.11(i) (Vernon Supp. 2009). 
Appellant's appointed counsel has filed a brief with this Court stating that the appeal is
wholly frivolous and without merit. We affirm.

I. Background

 On October 2, 2007, appellant pleaded true to allegations that he engaged in
delinquent conduct--indecency with a child. At a disposition hearing, appellant was
committed to the Texas Youth Commission ("TYC") for a determinate sentence of fifteen
years. He did not appeal that order.

 On April 17, 2009, shortly before appellant's nineteenth birthday, the trial court
heard TYC's request for a transfer hearing to determine whether appellant should be
transferred to TDCJ-ID. Appellant had not completed his fifteen-year sentence and TYC
believed that appellant's conduct while at TYC indicated that he should be transferred to
TDCJ-CID. After an evidentiary hearing, the trial court ordered appellant to be transferred
to TDCJ-ID for completion of his fifteen-year sentence.

II. Compliance with Anders

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that there are no
arguable grounds for reversal. See id.; In re D.A.S., 973 S.W.2d 296, 298 (Tex. 1998)
(orig. proceeding) (applying procedures enumerated in Anders to juvenile matters and
noting that "[a]lthough juvenile cases are classified as civil proceedings, they are quasi-criminal in nature."). Counsel's brief discusses relevant portions of the record as they
pertain to the sufficiency of the evidence to support the transfer. See In re Schulman, 252
S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief need not
specifically advance 'arguable' points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent legal
authorities.") (citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi
2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3 Tex. Crim. App. 1991).

 Including record references to the facts and setting out pertinent legal authorities,
appellant's counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's order transferring appellant from the TYC to the TDCJ-ID. See
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has
stated to this Court that she is unable to raise any arguable issue for appeal and has
forwarded a copy of the brief and her request to withdraw as counsel to appellant. Counsel
also provided appellant with a copy of the record and informed appellant of his right to
review the record and to file a pro se response. See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n. 23. More than an
adequate period of time has passed, and appellant has not filed a pro se response. See
In re Schulman, 252 S.W.3d at 409.

III. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
transfer order of the trial court.

IV. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n. 17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous.") (citations omitted). We grant counsel's motion to withdraw
that was carried with the case. Within five days of the date of this Court's opinion, counsel
is ordered to send a copy of the opinion and judgment to appellant and to advise appellant
of his right to file a petition for further review. See Tex. Fam. Code Ann. § 56.01(a) (Vernon
Supp. 2009); see also Tex. R. App. P. 48.4 (requiring, in criminal cases, the attorney
representing a defendant on appeal to send the client a copy of the court of appeals'
opinion and judgment within five days); see also In re Schulman, 252 S.W.3d at 412 n. 35;
Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).



 ROSE VELA

 Justice


Delivered and filed the 11th

day of February, 2010.